**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEWIS C. HART, # 230290,

    Petitioner,

v.                                               Case Number: 10-cv-11260
                                                   Honorable Lawrence P. Zatkoff

DEPARTMENT OF CORRECTIONS,

    Respondent,

_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. INTRODUCTION**

Pending before the Court is Petitioner's habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner previously filed a petition for a writ of habeas corpus challenging his 1997 convictions out of the Wayne County, Michigan, Circuit Court for first-degree-felony murder and armed robbery. The first petition was denied on the merits. *See Hart v. McKee*, No. 02-72073 (E.D.Mich. July 17, 2003); *aff'd*, No. 03-2091 (6th Cir. Mar. 24, 2004); *cert. denied*, 543 U.S. 994 (Oct. 18, 2004). For the reasons stated, the Court has concluded that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

**II. DISCUSSION**

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *but see*, e.g., *In re Wilson*,

142 F.3d 939, 940 (6th Cir. 1998) (holding that a habeas petitioner does not need an order from the appropriate court of appeals to consider his proposed petition if the previous petition was dismissed without prejudice for failure to exhaust). "Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post[-]conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition." *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999) (citation omitted) (citing *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997)); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997); *cert denied*, 520 U.S. 1203 (1997)). "Unless the [Sixth Circuit Court of Appeals] has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the petitioner's claim to be." *Ferrazza*, 36 F. Supp. 2d at 971 (citing *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner previously filed a habeas petition in federal court. Although he would not have been required to obtain a certificate of authorization following the dismissal of his first petition if it had been dismissed without prejudice on exhaustion grounds, *In re Wilson*, 142 F.3d at 940 and *Nasr v. Stegall*, 978 F.Supp. 714, 717 (E.D. Mich. 1997), his first habeas petition was dismissed on the merits. Therefore, his current habeas petition is a second or

successive habeas petition and he is thus required to obtain a certificate of authorization.[1] Because this is a successive habeas petition, it would be error to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate-keeping provisions. *See Corrao v. United States*, 152 F.3d 188, 190-91 (2nd Cir. 1998).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d at 47.

**IT IS SO ORDERED**.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: May 19, 2010

---

[1] Here, it is appropriate for the Court to consider this issue *sua sponte* because subject-matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F.Supp. 145, 146 (E.D. Mich. 1996).

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 19, 2010.

                                s/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290